OPINION
{¶ 1} Appellant Robert Cole appeals his conviction on one count of Robbery by a jury in the Stark County Court of Common Pleas.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On May 14, 2004, Appellant Robert Cole was arrested and charged with two counts of first degree felony Aggravated Robbery, in violation of R.C. 2911.01
{¶ 4} The facts leading up to said arrest are as follows:
{¶ 5} On May 13, 2004, at approximately 11:00 p.m., the victims in this case, Jennifer Judy, and her boyfriend Adam Genez went for a walk to purchase cigarettes. (T. at 105-106, 122).
{¶ 6} On their way home, they were approached by two men who demanded money from them. (T. at 106-108, 117, 122, 133, 136, 141). In an attempt to escape, Jennifer headed toward a house across the street which had a light on. One of the two men, later identified as the Appellant herein, followed her, grabbed her by her belt loop, again demanded money, indicated that he had a gun in his pants and threatened to "blow her head off". He then put his hand down her pants in search of money. (T. at 106-107, 109, 112-113, 123-126). Not finding any money, Appellant then walked toward Adam where the second man was demanding money from Adam. Jennifer ran up to the house and told the occupants to call the police. (T. at 107-108).
{¶ 7} Appellant again demanded money from Adam, gesturing with his hand in his pocket like he had a gun and threatening to shoot Adam. When Appellant failed obtain any money from Adam, he grabbed the newly purchased pack of cigarettes and fled. (T. at 124, 126, 143).
{¶ 8} The police arrived on the scene and were provided with descriptions of the perpetrators by Adam and Jennifer along with their accounts of what had occurred. The police initiated a search of the area for persons matching the descriptions. During said investigation, the police encountered Appellant walking with another man in the area. Appellant matched the description provided by the victims, down to the pack of Pall Mall cigarettes in his pocket. (T. at 143-144). Appellant was later identified by both victims as the man who grabbed Jennifer and took the cigarettes from Adam. (T. at 111, 128-129, 144-145). The second man was not identified.
{¶ 9} Appellant admitted that he was present at the above incident but claimed that same had been drug-related. (T. at 146-147).
{¶ 10} On June 11, 2004, Appellant was indicted by the Stark County Grand Jury on two counts of Robbery, in violation of R.C. 2911.02, felonies of the second degree.
{¶ 11} On July 19, 2004, this matter was tried before a jury.
{¶ 12} At trial, both Adam and Jennifer testified to the facts as related above. Both denied that the incident was drug related. (T. at 117-120, 134-135). The jury also heard testimony from the investigating officer, Officer Robert Redleski, who stated that neither of the victims appeared to be under the influence of drugs on the night in question. (T. at 149).
{¶ 13} Appellant testified that he and another man known as "Head" when he saw Adam and Jennifer go up onto a porch of a drug house. (T. at 158-159). He claimed that "Head" told him that Adam owed him money. He further testified that he went up to Jennifer, asked her where the dope was and told her he would blow her head off. He further testified that Jennifer told him that they had gone to get a "credit" from someone known as "Lag" and that Adam had the dope. (T. at 158-161, 169-170). Appellant testified that he then approached Adam and grabbed his cigarettes. He denied ever demanding money and further denied having a gun or touching Jennifer. (T. at 162-163).
{¶ 14} The jury returned a verdict of "guilty" on Count One of Robbery, but "not guilty" on Count Two of Robbery.
{¶ 15} Appellant was sentenced to a definite term of three (3) years in prison.
 {¶ 16} Appellant now prosecutes the instant appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR
{¶ 17} "I. Appellant's conviction for robbery was against the manifest weight and sufficiency of the evidence."
 I.
{¶ 18} In his sole assignment of error, Appellant challenges the manifest weight and sufficiency of the evidence. We disagree.
{¶ 19} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate courts function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
{¶ 20} Appellant was charged with Robbery, in violation of R.C.2911.02(A)(2), which states:
{¶ 21} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
{¶ 22} "(1) * * *
{¶ 23} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
{¶ 24} As stated above, the jury heard testimony from each of the victims and the investigating officer.
{¶ 25} When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
{¶ 26} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
{¶ 27} The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1.
{¶ 28} In the case sub judice, the jury was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility. Based upon the facts noted supra, we find there was sufficient, competent evidence to support appellant's conviction, and the same was not against the manifest weight or sufficiency of the evidence.
{¶ 29} Appellant's sole assignment of error is overruled.
{¶ 30} The judgment of the Stark County Court of Common Pleas Court is affirmed.
By: Boggins, P.J., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Stark County, Ohio, is affirmed. Costs assessed to Appellant.